UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL A. GRBAVCICH,

        Plaintiff,                                  Case No. 2:14-CV-249

v.                                                  HON. TIMOTHY P. GREELEY

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION**

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act on October 26, 2011. *See* ECF No. 8-2 at 20. Plaintiff alleges that he became disabled on September 21, 2011. ECF No. 8-2 at 20, 41, 44. On March 16, 2012, Plaintiff's application was denied, and on April 4, 2012, Plaintiff filed a written request for an administrative hearing before an Administrative Law Judge (ALJ). ECF No. 8-2 at 20. The ALJ held a video hearing on August 28, 2013. ECF No. 8-2 at 20. At the hearing, Plaintiff was represented by counsel. ECF No. 8-2 at 35. Testifying at the hearing were Plaintiff and vocational expert Margaret Ford. ECF No. 8-2 at 35, 39, 59. In a decision issued September 24, 2013, the ALJ denied Plaintiff's claim for benefits. ECF No. 8-2 at 20-28. Plaintiff appealed to the Appeals Council, which denied his request for review on October 29, 2014. ECF No. 8-2 at 2-6. Plaintiff then filed this *pro se* action on December 12, 2014.[1] ECF No. 1.

Plaintiff suffers from left eye blindness secondary to choroidal melanoma, obesity,

---

[1] Both parties consented to proceed before a Magistrate Judge on March 18, 2015. ECF No. 10.

degenerative joint disease of the right knee, and gout. ECF No. 8-2 at 22. At his hearing, Plaintiff testified that he used to be a tractor trailer truck driver. ECF No. 8-2 at 58, 60. Plaintiff further testified that: he has difficulty driving at night and during bad weather due to his vision impairment; he can walk a half mile to three quarters of a mile at a time; he can stand for an hour and sit for about an hour and a half; and he can carry up to twenty pounds. ECF No. 8-2 at 40, 47-49. In addition, Plaintiff testified that he goes deer hunting. ECF No. 8-2 at 45. Plaintiff stated that he has not worked since September of 2011, and he has not looked for a job since January of 2012. ECF No. 8-2 at 42, 44. Despite not looking for a job since 2012, Plaintiff indicated that he received unemployment benefits from the state of Wisconsin up until February or March of 2013. ECF No. 8-2 at 43.

Vocational expert Margaret Ford testified at the hearing and was asked to evaluate Plaintiff's ability to perform his past relevant work based on three different hypotheticals. ECF No. 8-2 at 59-66. The first hypothetical scenario asked whether a person of Plaintiff's age, education, and skills that had the following limitations would be able to perform any job: limited to light work; should not work in hazardous environments (heights, dangerous machinery, operating motor vehicles); may occasionally kneel, squat, and/or sit; and should not do tasks requiring sharp visual acuity or that require fine manual dexterity (i.e., pouring a glass of water). ECF No. 8-2 at 61-62. Ms. Ford noted that this person could perform work as a ticket taker, laundry worker, and cleaner, which are all light working positions. ECF No. 8-2 at 62-63. In hypothetical two, the ALJ asked if the person with the same limitations, but of a sedentary working status, would be able to work any jobs. ECF No. 8-2 at 63. Ms. Ford responded that this type of person would not have any jobs available to him. Finally, Plaintiff's counsel asked

whether a person with these same limitations, and the additional limitation that this person could not work for fifteen percent of an eight hour day, would have any jobs available to him. ECF No. 8-2 at 65. Ms. Ford said there would not be any positions available for this person. ECF No. 8-2 at 66.

The ALJ determined that Plaintiff suffers from left eye blindness secondary to choroidal melanoma, obesity, degenerative joint disease of the right knee, and gout. ECF No. 8-2 at 22. Based on these conditions and the ALJ's determination of Plaintiff's physical capabilities, the ALJ concluded that Plaintiff could perform work as a ticket taker, laundry worker, and cleaner. ECF No. 8-2 at 27.

Plaintiff filed an appeal on December 12, 2014 (ECF No. 1), alleging that the ALJ's decision to deny social security benefits to Plaintiff was improper. ECF No. 12 at 1-3. Defendant Commissioner of Social Security filed a response on May 11, 2015. ECF No. 13. Plaintiff has not filed a reply. The matter is now ready for a decision.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 Fed. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see also* 42 U.S.C. § 405(g). The findings of the ALJ are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y, Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). This Court is not permitted to try the case *de novo*, nor resolve conflicts in the evidence and cannot decide questions of

credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (noting the ALJ's decision cannot be overturned if sufficient evidence supports the decision regardless of whether evidence also supports a contradictory conclusion). This Court is required to examine the administrative record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence, even if this Court would have decided the matter differently. *See Kinsella v. Schwikers*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (holding that the court must affirm a Commissioner even if substantial evidence would support the opposite conclusion).

The ALJ must employ a five-step sequential analysis to determine if Plaintiff is under a disability as defined by the Social Security Act. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If the ALJ determines Plaintiff is or is not disabled under a step, the analysis ceases and Plaintiff is declared as such. 20 C.F.R. § 404.1520(a). Steps four and five use the residual functional capacity assessment in evaluating the claim. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 21, 2011, the alleged onset date. ECF No. 8-2 at 20, 22; *see* 20 C.F.R. § 404.1520(b). At step two, the ALJ determined Plaintiff has the following severe impairments: left eye blindness secondary to choroidal melanoma, obesity, degenerative joint disease of the right knee, and gout. ECF No. 8-2 at 22. At step three, the ALJ determined Plaintiff's impairments or a combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. ECF No. 8-2 at 22-23. At step four, the ALJ determined Plaintiff has the residual functional capacity (RFC) to perform

light work, as defined in 20 C.F.R.§ 404.1567(b), with the additional limitations of: not engaging in hazardous activities (i.e., heights, dangerous machinery, operating motor vehicles, etc.); not doing more than occasional kneeling or squatting; and not performing tasks that require sharp visual acuity or fine manual dexterity. ECF No. 8-2 at 23-26. At step five, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, such as: a ticket taker (85,615 jobs nationally), a laundry worker (264,215 jobs nationally), and a cleaner (377,455 jobs nationally). ECF No. 8-2 at 27. Therefore, the ALJ held that Plaintiff was not disabled during the time period from his alleged onset date through his date last insured. ECF No. 8-2 at 27-28.

Plaintiff's *pro se* initial brief appears to contest the ALJ's finding that Plaintiff was less than credible. ECF No. 12 at 1-3. Upon review of the evidence of record, this Court affirms the ALJ's conclusions.

When an ALJ evaluates an individual's complaints of pain and disabling symptoms, the ALJ may consider the credibility of the person. *Walters v. Comm'r of Soc. Sec'y*, 127 F.3d 525, 531 (6th Cir. 1997). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* (citing *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)). An ALJ's determination of a Plaintiff's credibility must be supported by substantial evidence. *Id.*; *Winslow*, 566 Fed. App'x at 422. Simply stating that Plaintiff has pain or other symptoms is not sufficient to establish that the individual is disabled. *Walters*, 127 F.3d at 531 (citing 20 C.F.R. § 404.1529(a)). The ALJ must assess an individual's pain by using a two prong test:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* (citing *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) and quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)); *see also* 20 C.F.R. § 404.1529(a). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531 (citing *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)). An ALJ can also consider an individual's ability to do household and social activities when assessing the credibility of a person's alleged pain and disabling symptoms. *Walters*, 127 F.3d at 532.

In determining that Plaintiff's allegations of pain and disabling symptoms were less than credible, the ALJ identified several inconsistencies between Plaintiff's testimony and the evidence provided. In so doing, the ALJ first evaluated and considered Plaintiff's testimony in his decision:

> The claimant has alleged he has been disabled since September 21, 2011 due to left eye blindness secondary to choroidal melanoma, obesity, degenerative disc disease of the right knee, and gout. He has stated that he suffers from severe headaches related to the problems with the left eye. He has stated he has problems with depth perception and suffers from chronic fatigue. He has stated he cannot lift or bend because of retinal detachment. He cannot reach or climb stairs because of the lack of depth perception. He has indicated he can walk one mile.
>
> The claimant has reported he does not have any problems with bathing, grooming, or personal hygiene. He has stated he can cook meals. He has indicated he can perform household chores including some yard work. However, he has stated he cannot shovel snow

without getting a headache. He has indicated he does some driving but tries to limit how much he drives. He has stated he shops for groceries and other items. He has indicated his hobbies include hunting, reading, cutting firewood, and riding all-terrain vehicles (ATVs). He has stated he goes to church and belongs to the Knights of Columbus.

ECF No. 8-2 at 23-24 (citations omitted). Despite Plaintiff's above-mentioned allegations, the ALJ determined that Plaintiff's testimony regarding his pain and disabling symptoms was not credible:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> The evidence does not support the claimant's allegations that he has been unable to work since September 21, 2011. Although the evidence indicates the claimant has lost the vision in his left eye and can no longer perform his past work as a truck driver, the claimant has 20/20 vision in his right eye. The claimant should be able to perform work that does not require sharp visual acuity or depth perception. The claimant suffers from degenerative joint disease of the right knee that has been conservatively treated with steroid injections and physical therapy with only limited benefit. However, the doctor has not recommended any more invasive treatment like arthroscopy or complete replacement. In addition, the claimant is able to ambulate. The claimant testified that the knee pain forces him to use a cane occasionally, but this testimony is not corroborated in the record.
>
> The claimant testified that he was diagnosed with gout several years ago and worked with it in the past. The treatment records suggest the gout occurs episodically and generally responds to medication. The claimant also suffers from obesity. Obesity can increase the risk of developing a number of additional diseases including cardiovascular diseases. It also increases the strain on muscles and joints leading to musculoskeletal disturbances. The claimant's weight, including its impact on his ability to ambulate as well as his other body systems,

> has been considered within the limitations of the claimant's residual functional capacity set forth herein.
>
> While the claimant's degenerative joint disease of the right knee, blindness in the left eye, gout, and obesity undoubtedly impose some limits on his ability to function, his activities of daily living suggest that he should still be able to work. He does not have any problems with bathing, grooming, or personal hygiene. He cooks and performs household chores. He drives but as little as possible. He shops for groceries and other items. He enjoys hunting, riding ATVs, and chopping firewood. He attends church and belongs to the Knights of Columbus. The claimant testified that he went deer hunting last year and plans to go again this year.
>
> The earnings records indicate the claimant received unemployment compensation until March 2013. The claimant testified that initially he looked for work while receiving unemployment benefits. He described a wide range of jobs for which he had applied. However, he was never hired. He did not know why he stopped looking for work. His receipt of unemployment and job search activity after the alleged onset date undermines his credibility as it indicates that he was telling the state of [Wisconsin] that he was available and able to work full time and was looking for work.
>
> The claimant testified that if he still had good vision in both eyes he could still perform his past truck driver job. He also testified that but for his visual impairment and his right knee impairment, he would not be seeking disability, which is an acknowledgment he does not consider his other impairments to be disabling.

ECF No. 8-2 at 25 (citations omitted). The ALJ's assessment of Plaintiff's pain and disabling symptoms is thorough and complete, and there is substantial evidence to support the ALJ's conclusion that Plaintiff's allegations were inconsistent with the medical evidence on record. *See Jones*, 336 F.3d at 475 (noting ALJ's decision should be affirmed if there is substantial evidence to support it regardless of whether evidence supports a contradictory conclusion).

Nonetheless, Plaintiff argues that the ALJ improperly evaluated the credibility of his pain and suffering allegations given his ability to engage in certain hobbies such as hunting, and riding

an ATV, for example. ECF No. 12 at 1. Specifically, Plaintiff argues that because the ALJ is not from the Upper Peninsula, he improperly concluded that these activities require more mobility and strength than they actually do. ECF No. 12 at 1 (noting that these activities only require him to be "seated on a stool"). Regardless of the veracity of Plaintiff's statements, it is clear from the ALJ's decision that the ALJ's credibility determination was based on inconsistencies between Plaintiff's testimony, his medical records, *and* Plaintiff's ability to do hobbies and household chores. *See Walters*, 127 F.3d at 531 (noting an ALJ may consider activities such as household chores and social activities, for example, when determining a person's credibility); *see also* ECF No. 8-2 at 25 (noting that Plaintiff cooks, rides ATVs, hunts, grocery shops, does household chores, and maintains personal hygiene); ECF No. 8-7 at 14 ("[T]he eye looks very good and it looks like tumor is already shrinking."); ECF No. 8-7 at 21, 61 ("[Patient] declined wheelchair; ambulating without problems."); ECF No. 8-7 at 24, 28, 32, 55 ("Daily activity level without symptoms - Will take a walk in the evening . . . can easily walk more than 2 blocks at brisk pace. Some stairs at home."); ECF No. 8-7 at 162 (noting Plaintiff's toe pain improved with steroid injections, and that he had shoveled that day); ECF No. 8-7 at 169 (noting Plaintiff stood on his feet for four hours during a charity event for several days in a row); ECF No. 8-8 at 35 ("He states his vision is stable. He does not complain of eye pain."). It is clear that the ALJ's credibility determination relied on many factors and inconsistencies, including (but not limited to) Plaintiff's ability to engage in certain hobbies despite his allegations of pain and disabling symptoms. Therefore, this Court affirms the ALJ's finding that Plaintiff's allegations of pain and suffering were less than credible. *Id.* (noting the court should defer to the ALJ's findings as long as it is supported by substantial evidence).

Moreover, to the extent Plaintiff claims that the ALJ should not have considered the fact that Plaintiff received unemployment benefits at the same time he filed for social security benefits, this claim also fails. While receipt of unemployment benefits may not be the only factor in determining if a person is disabled, it may be considered "in the context of all the evidence." *See Kinsella*, 708 F.2d at 1066 (noting that unemployment benefits may be considered when making a credibility determination of a plaintiff's alleged pain). Even though Plaintiff asserts that he did not *intend* to mislead Wisconsin or the Social Security Administration by filing inconsistent applications contemporaneously, this assertion does not overcome the inherent inconsistency between these two applications. *Bowden v. Comm'r of Soc. Sec'y*, 173 F.3d 854, 1999 WL 98378, at *7 (6th Cir. 1999) (noting plaintiff offered "no reasonable explanation of how a person can claim disability benefits under the guise of being unable to work, and yet file an application for unemployment benefits claiming that []he is ready and willing to work."); *see Workman v. Comm'r of Soc. Sec.*, 105 Fed. App'x 794, 801 (6th Cir. 2004) ("[a]pplications for unemployment and disability benefits are inherently inconsistent."). ECF No. 12 at 2. Because Plaintiff has not shown that the ALJ improperly considered his receipt of unemployment benefits, the ALJ's evaluation and consideration of these benefits was proper. *See Kinsella*, 708 F.2d at 1066.

Plaintiff next claims that the ALJ improperly determined that Plaintiff's complaints of knee pain were less than credible since he did not undergo invasive treatment for this pain. ECF No. 12 at 2. In making this argument, Plaintiff attached two exhibits showing that he had surgery on his knee in 2015 (over a year after the ALJ's decision was made). ECF No. 12-1 (medical record dated 11/6/2014; ECF No. 12-2 (medical record dated 2/10/2015). By attaching evidence

that was not provided to the ALJ at his hearing, Plaintiff has requested a sentence six remand of his case pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 405(g), sentence six states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). The three requirements for a sentence six remand are: (1) that the evidence is new, (2) that the evidence is material, and (3) that good cause is shown why the evidence was no submitted to the ALJ. *Gillaspy v. Astrue*, 178 Soc. Sec. Rep. Serv. 418, 2012 WL 1969340, at *5 (S.D. Ohio June 1, 2012). These requirements are fully explained in *Foster v. Halter*:

> [E]vidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 110 L.E.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (per curiam).

*Foster v. Halter*, 279 F.32d 348, 357 (6th Cir. 2001). It is clear that regardless of whether Plaintiff's evidence is new, or whether there is good cause for its prior omission, the two attached medical documents are not material—meaning a sentence six remand is not appropriate.

Evidence is material for a sentence six remand if the Commissioner reasonably could have decided the disability claim differently with this new evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). It is Plaintiff's burden to show that there was a "reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with [this] evidence." *Foster*, 279 F.3d at 358 (quoting *Sizemore*, 865 F.2d at 711).

Here, Plaintiff's Exhibits A and B are not material because they do not create a reasonable probability that the Commissioner would have reached a different disability or credibility determination had they been considered at his hearing. Exhibit A (ECF No. 12-1) is a medical record from November 5, 2014, stating that Plaintiff was scheduled for a "knee procedure" a "few months" prior to that date, but that the procedure was canceled due to pre-operation complications. ECF No. 12-1 at 1 (Exhibit A). Exhibit B is a medical report indicating that Plaintiff underwent a "knee procedure" on February 10, 2015. ECF No. 12-2 (Exhibit B). Having knee surgery does not prove that Plaintiff's allegations of knee pain are suddenly more credible, or that Plaintiff is now disabled, especially when considering the remaining contradictory evidence of record, such as Plaintiff's concessions that he could still: hunt, chop wood, ride ATVs, go grocery shopping, and stand for four hours at a time (several days in a row) at charity events. *See, e.g.,* ECF No. 8-7 at 169. Therefore, Plaintiff has not demonstrated that these medical reports would change the Commissioner's decision in regard to Plaintiff's allegations of knee pain, or his disability determination in general. *See Foster*, 279 F.3d at 357 ("[T]he burden of showing that a remand is appropriate is on the claimant."). Accordingly, a sentence six remand is not appropriate on the basis of these two exhibits when considering all of

the evidence of record.

Lastly, Plaintiff provided one final document, Exhibit C (ECF No. 12-3), that was not previously included at his hearing. Exhibit C is a summary of a cleaning job requiring that the applicant has sufficient vision, which Plaintiff has provided to demonstrate that there are not enough jobs for *him* to work in his region due to his eye impairment. ECF No. 12-3 (Exhibit C) (showing a summary of a cleaning job indicating that vision is a "constant" physical demand of the job). However, employability is not a factor in determining whether an individual is disabled under the Act. *See* 20 C.F.R. § 404.1566(a) (noting that jobs in the national economy are considered, and that it does not matter if "[w]ork exists in the immediate area in which you live," or if "[y]ou would be hired if you applied for work."). Even if it was, by conceding that his vision is sufficient enough to hunt deer, it would follow that his vision is sufficient enough to work as a cleaner. ECF No. 8-2 at 45. Therefore, this exhibit is not material, and a sentence six remand shall not be granted on the basis of Exhibit C.

Accordingly, the decision of the Commissioner is **AFFIRMED** and Plaintiff's request for relief is **DENIED**.

Dated: December 17, 2015                   /s/ TIMOTHY P. GREELEY
                                                               TIMOTHY P. GREELEY
                                                               UNITED STATES MAGISTRATE JUDGE